UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20 CV 1899 MTS |
| ) | |
| UNKNOWN CORRECTIONAL OFFICERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the prisoner civil rights complaint filed by self-represented plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center ("MECC"). For the reasons discussed below, the Court will grant plaintiff's application to proceed in the district court without prepayment of fees and costs, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's application to proceed in the district court without prepaying fees or costs, which is contained within the body of his complaint, states that he receives $5 per month at Eastern Reception Diagnostic Correctional Center ("ERDCC").[1]  He has not submitted a certified account statement as required by 28 U.S.C. § 1915(a)(2).  Based on plaintiff's self-disclosed financial information, the Court will grant plaintiff's application to proceed in the district court without prepaying fees or costs and will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").  Any claim that plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed without prepaying fees and costs if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  "Clearly baseless" factual allegations include those that are

---

[1] Although plaintiff is currently incarcerated at MECC, at all times relevant to his complaint he was incarcerated at ERDCC.

"fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

Plaintiff repeatedly identifies himself as a sovereign citizen, and he states he is a civilly-committed detainee. Review of publicly-available records, however, shows he is actually a convicted and sentenced state prisoner. The complaint is handwritten on three sheets of notebook

paper, although it loosely tracks the Court's form Prisoner Civil Rights Complaint. Plaintiff titled the complaint "Prisoner Civil Rights Complient [*sic*] Under 42 U.S.C. 1983." Doc. [1] at 1. In his case caption, plaintiff lists forty-five defendants, all unnamed, including Unknown Correctional Officers, Unknown CO1, Unknown CO2, Unknown Sergeant, Unknown Lieutenant, Unknown Corporal, Unknown Captain, Unknown FUM, Unknown Caseworkers, Religious Director, IPO, IPO Supervisor ERDCC, P&P, Governor, Unknown Senator, House of Representatives of Missouri, etc. He sues all forty-five defendants in both their individual and official capacities.

Plaintiff's statement of claim, in full, is as follows:

> This is in Regards to my Religious Diet each one of these Departments Keep Denying me they are Denying my Religion Astru/Jdinism/Catholicism [*sic*] it all runs hand in hand we are the Pagen [*sic*] Race.

*Id.* at 3. For relief, plaintiff seeks amounts written next to each defendant's title. For example, he seeks $100 billion from the unnamed correctional officers, $500 billion from the unnamed lieutenant, $600 billion from the unnamed corporal, $800 billion from the unnamed FUM, etc. These amounts continue to increase by $100 billion or $1 trillion until plaintiff names the final seven Corizon defendants, from whom he seeks $100 trillion each. In addition, plaintiff requests

> 10,000,000 in stocks in oil, coal lead, zinc, precious metals, gold, silver, platinum, aluminum, diamonds, steel, U.S. dollars, Euro, Swiss, Yin, Germany Note or Mark, Pasco, Canada Dollar; Bit Coin, JPMORGEN, Google, Facebook, Snap Chat, Instagram, Deep Web, Dark Web, Twitter, Amazon, eBay, Wal-Mart, Best Buy, Circuit City, Lowes, Home Depot, Bass Pro, [Cabelas], Shop-N-Sav, Sav-A-Lot, Price Chopper, Dierburgs, All World Banks. All USA Banks.

*Id.* at 1.

The complaint is one of more than 130 similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and its facilities and employees, state political leaders, and Corizon and its employees. Plaintiff typically identifies the individual defendants using the same or similar generic titles that appear in the instant

complaint, and the nature of his claims and his demands for relief are roughly the same. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed. For complaints filed after December 22, 2020, plaintiff is subject to the prisoner three-strikes rule of 28 U.S.C. § 1915(g).

## Discussion

Liberally construed, plaintiff's complaint seeks monetary relief because he believes he was wrongfully denied accommodations related to his religious needs. The First Amendment's Free Exercise Clause prevents prison officials from substantially burdening a prisoner's sincerely held religious belief. U.S. CONST. amend. I. When addressing a First Amendment claim, courts consider "the threshold issue of whether the challenged governmental action infringes upon a sincerely held religious belief." *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 831 (8th Cir. 2009). Prisoners are also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *See* 42 U.S.C. §§ 2000cc *et seq.* RLUIPA requires a prisoner to show, as a threshold matter, a substantial burden on his ability to exercise his religion. *Gladson,* 551 F.3d at 832.

Here, plaintiff claims he was denied an unspecified diet related to his religious needs. However, he alleges no factual assertions permitting the inference that any government action actually infringed upon his religious belief, or substantially burdened his ability to exercise his religion. Instead, plaintiff offers only the "[t]hreadbare recital" of a claim that is supported by his own conclusory statements, which this Court is not required to accept as true. *Iqbal,* 556 U.S. at 678; *see Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to

accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

The Court therefore concludes the complaint fails to state a plausible First Amendment or RLUIPA claim.  Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  To the extent plaintiff can be understood to claim he is entitled to different treatment because he is a "sovereign citizen," his claim is frivolous.  Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation.  *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

The complaint suffers from several other deficiencies.  First, plaintiff's claims against MDOC and ERDCC are effectively claims against the State of Missouri.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  However, the State of Missouri and its agencies are not "persons" within the meaning of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  To the extent any of the individual defendants identified by generic title are employees or officials of the State of Missouri sued in their official capacities, the complaint fails to state a claim upon which relief may be granted because they are not "persons" that can be sued under § 1983.  They are also immune.  Official capacity claims against such individuals are actually "against the governmental entity itself."  *See White v. Jackson*, 865 F.3d

1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As such, official capacity claims against employees or officials of the State of Missouri are actually claims against the State itself. However, as noted above, the State is not a "person" under § 1983. *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983").

Plaintiff has also named Corizon as a defendant. Corizon is the private corporation that provides medical services to prisoners at the ERDCC. Plaintiff does not allege that Corizon has any involvement in providing dietary or other accommodations related to any prisoner's religious needs. Even if plaintiff had so alleged, the complaint would not state a claim upon which relief may be granted against Corizon because it contains no allegations that a Corizon policy, custom, or official action inflicted an actionable injury. *See Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (stating a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983."). Additionally, to the extent any of the individual defendants identified by generic title are Corizon employees sued in their official capacities, the complaint does not state a claim upon which relief may be granted because it contains no allegations that a Corizon policy or custom was responsible for the alleged constitutional violations. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978).

Plaintiff also seeks monetary relief from numerous individuals he identifies using only generic titles. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit

identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no specific factual allegations regarding any of the individual defendants identified by generic titles, such that their identities could be ascertained after reasonable discovery. This action therefore cannot proceed against the various unnamed defendants referenced only by title. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

The complaint also fails to state a claim upon which relief may be granted against any individual defendant in his or her individual capacity. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has alleged no facts permitting the inference that any individual defendant did or failed to do anything that amounted to a violation of any of his federally-protected rights. Indeed, the only specific information plaintiff provides regarding each individual defendant is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

It also appears this action is subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, on his alleged status as a sovereign citizen, and his asserted entitlement to "10,000,000 stocks" in various countries, commodities, and companies along with

hundreds of trillions of dollars in damages is not grounded in reality. The Court therefore concludes that plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible, and are "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

Finally, it appears this action is subject to dismissal because it is malicious. As noted above, this action is one of more than 130 duplicative and meritless actions plaintiff has recently filed in this Court against the defendants named in the complaint, along with other state officials and private corporations. In those actions, plaintiff often identified the individual defendants using many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It therefore appears this action is part of a pattern of abusive and repetitious lawsuits filed for the purpose of harassment, not for the legitimate purpose of vindicating a cognizable right. *See Spencer,* 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right); *see also In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits); *Cochran*, 73 F.3d at 1316 ("A plaintiff's past litigious conduct should inform a district court's discretion under § 1915(d).").

For the foregoing reasons, the complaint is subject to dismissal. In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes it would be futile to direct him to file an amended complaint in this action. The Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees or costs, which is contained in the body of the complaint, is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of May, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE